UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ONEWEST BANK, N.A.,

                Plaintiff,

   - against -

MARCO RUIZ; MERCEDES RUIZ;
PNC BANK, NAT'L ASSOC.;
NEW YORK CITY PARKING VIOLATIONS
BUREAU; NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; NEW YORK CITY TRANSIT
ADJUDICATIONS BUREAU; MARIA COLON; and
MONICA LOPEZ,

                Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-3207 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      OneWest Bank, now known as CIT Bank, brings this foreclosure action against Marco and Mercedes Ruiz (the "Ruiz Defendants") and various lienholders and tenants, seeking to foreclose a mortgage on real property located at 134-09 Hawtree Street, Ozone Park, New York 11417 (the "Property"). After none of the defendants answered or otherwise appeared, the Clerk of Court noted default, and OneWest moved for default judgment. (Pl. Mot. I (Doc. No. 29).) Citing a number of errors in OneWest's motion, Judge Sandra Townes denied the motion for default judgment without prejudice. (Mem. & Order (Doc. No. 38).)[1] OneWest then filed a second motion for default judgment. (Pl. Mot. II. (Doc. No. 40).) This time, however, the Ruiz Defendants appeared and now move to vacate the Clerk's entry of default. (Def. Mem. (Doc. No. 47).) The remaining defendants have not appeared in this case. For the reasons stated

---

[1] This case was reassigned on February 21, 2018.

below, the Ruiz Defendants' motion to vacate entry of default is granted, and OneWest's motion for default judgment is denied.

## BACKGROUND

On July 23, 2007, the Ruiz Defendants executed and delivered a note in which they promised to "pay the sum of $492,000.00 plus interest on the unpaid amount due." (Am. Compl. (Doc. No. 20) at ¶ 16.) They secured that promise by executing and delivering a mortgage on the Property. (*Id.* at ¶ 17.) The mortgage was later modified. (*Id.*; Aff. Cert. of Merit (Doc. No. 1-9) at 37–38.)[2]

Two undated allonges to the note are attached to the complaint, though not to the amended complaint. (Aff. Cert. of Merit at 8, 9.) The first allonge was indorsed by the Federal Deposit Insurance Corporation as receiver for IndyMac Federal Bank and made the note payable to OneWest Bank, FSB.[3] (*Id.* at 8.) Sandra Schneider executed the note as an "attorney-in-fact." (*Id.*) The second allonge appears to be indorsed in blank. (*Id.* at 9.) Sandra Schneider again executed this allonge, but as the Vice President of OneWest Bank, FSB. (*Id.*)

The Ruiz Defendants have not made any payments since December 1, 2010, and, as a result, OneWest accelerated the payments and declared that the entire amount owed on the note was due. (Am. Compl. at ¶ 19.) OneWest now seeks a judgment of foreclosure and sale and related relief in connection with the mortgage encumbering the Property. (Pl. Mot. II at 1.) The amended complaint alleges that the Ruiz Defendants owe $496,825.59 in principal, plus 3% interest from November 1, 2010. (Am. Compl. at ¶ 20.) Additionally, the Ruiz Defendants owe "late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation

---

[2] For ease of reference, citations to Court documents refer to Electronic Case Filing ("ECF") pagination.

[3] OneWest is formerly known as OneWest Bank, FSB. (Am. Compl. at ¶ 18.)

2

of the property," although the amended complaint does not specify amounts for these items. (*Id.*) OneWest further asserts that it is entitled to "the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure." (*Id.*) Should OneWest have to pay "taxes, assessments, water charges, insurance premiums, and other charges" to protect its rights in the property, it asks that any amount it pays "be included in the total amount due." (*Id.* at ¶ 21.)

## DISCUSSION

### I. Motion to Vacate Entry of Default

Appearing for the first time, the Ruiz Defendants move to vacate entry default,[4] and argue that they were never properly served and did not learn of the suit until Mercedes Ruiz received the motion for default judgment that had been mailed to the Property. (Def. Mem. at 2.) Marco Ruiz argues he never received the summons and complaint because OneWest served them at 30 Newburgh Street, Elmont, New York 11003, even though he resides at the Property. (*Id.*) Affidavits of service of both the complaint and amended complaint attest that Marco Ruiz was indeed served at 30 Newburgh Street. (Aff. of Service (Doc. No. 23) at 2.) Marco Ruiz attaches numerous documents, including his driver's license, 2014 W-2 and 1040 income tax forms, to prove that he lives at 134-09 Hawtree Street, and not at 30 Newburgh. (Marco Ruiz Residence (Doc. No. 47-2).)

Mercedes Ruiz avers that she too was never served. (Mercedes Ruiz Aff. (Doc. No. 47-3) at ¶ 2.) She lived with her then-husband, Marco Ruiz, at 134-09 Hawtreet Street until 2011, when she moved to the property at 30 Newburgh. (*Id.* at ¶ 5.) Though OneWest's affidavit of

---

[4] The Ruiz Defendants did not make a formal motion to set aside the entry of default. Instead, they argued the Court should vacate the entry of default in their memorandum opposing default judgment. (*See generally* Def. Mem.) However, "[w]hen the defaulted defendant opposes default judgment, courts treat the opposition as a motion to vacate entry of default and examine whether good cause exists to vacate entry." *Saleh v. Francesco*, No. 14-CV-438 (PKC), 2011 U.S. Dist. LEXIS 130362, at *7 (S.D.N.Y. Nov. 10, 2011).

3

service says that the summons and complaint were served to "Maria Ruiz, Mother-in-law," Mercedes Ruiz explains that her mother-in-law's name is Angela Maria Mariduena Erazo and lives in Ecuador. (*Id.* at ¶¶ 6–7.) She denies ever receiving the summons and complaint and claims that she defaulted because she was unaware of the suit. (*Id.* at ¶¶ 10–11.) Mercedes Ruiz concludes that the summons and complaint were neither delivered to her personally nor to a person of suitable age and discretion at her dwelling place, and that, therefore, service was improper.

The Court is guided by the Second Circuit's preference for resolving cases on the merits. *See, e.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) (acknowledging the court's "oft-stated preference for resolving disputes on the merits"); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (noting "a strong preference for resolving disputes on the merits"). Defaults are "generally disfavored," and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. Courts will vacate the entry of default when there is "good cause" to do so under Federal Rule of Civil Procedure ("Rule") 55(c), but the good cause criteria "should be construed generously." *Id.* Courts looks to whether (1) default was willful; (2) setting aside default prejudices the plaintiff; and (3) the defaulting party has offered a meritorious defense. *Id.* No single factor is dispositive. *Murray Eng'g P.C. v. Windermere Props LLC*, No. 12-CV-52 (JPO), 2013 U.S. Dist. LEXIS 61877, at *11 (S.D.N.Y. Apr. 30, 2013) ("A finding that one factor militates against good cause is not dispositive.").

A.  *Willfulness*

A defendant's default is willful where "there is evidence of bad faith" or where default is the result of "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-5346, 2008 U.S.

Dist. LEXIS 64294, at *9 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60–61 (2d Cir. 1996). "Negligence or carelessness," by contrast, "does not amount to willfulness." *Argus Research Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 531 (E.D.N.Y. 2002). Here, the Ruiz Defendants maintain that their default was not willful. Marco Ruiz alleges that he was never properly served with the summons and complaint because he does not reside at the address to which the court documents were mailed. Mercedes Ruiz alleges that she was unaware of the lawsuit until she received OneWest's motion for default judgment, at which point she retained counsel. (Def. Mem. at 2.) OneWest responds that the Ruiz Defendants' default was willful. (Pl. Reply (Doc. No. 48) at 6.) It notes that Marco Ruiz's affidavit does not dispute his awareness of the suit and remarks that numerous court documents have been sent to Mercedes' address. (*Id.* at 8–9.)

In the context of a motion to vacate entry of default, a court should resolve a "factual dispute regarding willfulness . . . in favor of the party moving to set aside the default." *Sacks v. Deutsche Bank Nat'l Trust Co.*, No. 12-CV-6338 (LDW) (SIL), 2016 U.S. Dist. LEXIS 108773 at *23 (E.D.N.Y. Aug. 15, 2016), *report and recommendation adopted by Sacks v. Deutsche Bank Nat'l Trust Co.*, 2016 U.S. Dist. LEXIS 130668 (E.D.N.Y. Sept. 23, 2016) (internal quotations marks omitted); *see also Flanagan v. Modern Concrete Corp.*, No. 07-CV-499 (JFB) (ARL), 2008 U.S. DIST. Lexis 48237, at *3 (E.D.N.Y. June 23, 2008) ("Under the lenient standard of Rule 55(c), the Court must resolve any doubt about defendants' willfulness in favor of the defendants."). Especially in light of the fact that Marco Ruiz was apparently served at an address where he did not live, the Court does not conclude that the Ruiz Defendants' default was "strategic or otherwise in bad faith." *Sacks*, 2016 U.S. Dist. LEXIS 108773 at *24.

5

B. *Prejudice*

"Delay alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. Similarly, "costs incurred with respect to countering a defendant's motion to vacate do not constitute prejudice." *Sacks*, 2016 U.S. Dist. LEXIS 108773 at *25 (internal quotation marks omitted). Instead, a plaintiff opposing a motion to vacate entry of default must show "'that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). OneWest insists that vacating default will be prejudicial because it will force it "to engage in a costly and time-consuming process in order to enforce its rights." (Pl. Reply at 10.) These considerations – time and cost – do not amount to prejudice. Notably, OneWest does not allege that delay will result in a loss of evidence, make discovery more difficult or increase the risk of fraud and collusion.[5] OneWest does not indicate that the current value of the property is less than the amount owed under the note and mortgage. Accordingly, the Court concludes that OneWest will not be prejudiced by the Ruiz Defendants' delay in answering the amended complaint.

C. *Meritorious Defense*

To set aside an entry of default, the defendant must establish the existence of a meritorious defense, but "the defendant 'need not conclusively establish the validity of the defense(s) asserted.'" *Sacks*, 2016 U.S. Dist. LEXIS 108773 at *28 (quoting *Davis*, 713 F.2d at 916). This requirement is not meant to impose a stringent burden; a defense is considered

---

[5] To the extent the resolution of this case has been delayed, this is largely OneWest's own doing. *See Linkov v. Golding*, No. 12-CV-2722 (FB) (LB), 2013 U.S. Dist. LEXIS 157085, at *13 (E.D.N.Y. Oct. 4, 2013) ("Plaintiff cannot claim prejudice from a delay to which he contributed.") After OneWest filed its complaint, Magistrate Judge Roanne L. Mann issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. (Order to Show Cause (Doc. No. 18).) Moreover, OneWest's first motion for default judgment had to be denied, among other reasons, because OneWest failed to explain a discrepancy between the judgment amount requested in two of the exhibits. (Mem. & Order. at 4.) The instant motion is OneWest's second motion for default judgment.

meritorious for the purposes of Rule 55 if the evidence submitted "would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98; *see also S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) (same). The defense "need not be ultimately persuasive at this stage," but rather must "give the factfinder some determination to make." *Am. Alliance Ins. Co.*, 92 F.3d at 61.

The Ruiz Defendants argue that OneWest does not state a claim because it has not shown compliance with Section 1304 of the Real Property Actions and Proceedings Law ("RPAPL"), which requires an assignee or mortgage loan servicer to provide 90 days' notice to the borrower, by registered or certified mail and also by first-class mail. RPAPL § 1304(2). Compliance with the RPAPL notice "is a condition precedent to the commencement of the foreclosure action," and a "plaintiff's failure to show strict compliance requires dismissal." *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 103 (2d Dep't 2011). To show compliance with the RPAPL notice requirement, the assignee must provide "proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed." *CIT Bank, N.A. v. Ji Youn Min*, No. 14-CV-6793 (LTS), 2016 U.S. Dist. LEXIS 102694, at *13 (S.D.N.Y. Aug. 3, 2016) (quoting *Kearney v. Kearney*, 979 N.Y.S.2d 226, 232 (N.Y. Sup. Ct. 2013)). Producing a "photocopy of the statutory notice" is insufficient because it "does not establish mailing by either first-class mail or certified or return receipt mail, as the statute requires." *Kearney*, 979 N.Y.S.2d at 234.

Here, both Marco and Mercedes Ruiz stated in their affidavits that they did not receive the RPAPL notice. (Marco Ruiz Aff. at ¶ 11; Mercedes Ruiz Aff. at ¶ 12.) OneWest, however, alleges that it complied with RPAPL § 1304. (Am. Compl. (Doc. No. 20) at ¶ 22.) In support of this claim, OneWest submitted an affidavit from Caryn Edwards, assistant secretary of CIT Bank (formerly, OneWest), certifying and affirming full compliance with RPAPL § 1304. (Edwards

Aff. (Doc. No. 40-15) at ¶ 13.) The affidavit does not provide dated receipts or evidence of OneWest's standard procedures. The Ruiz Defendants, therefore, put forward a defense, which provides at least "a hint of a suggestion" of merit. *Jefferson v. Rosenblatt*, No. 13-CV-5918 (JS) (ARL), 2017 U.S. Dist. LEXIS 18121, at *8 (E.D.N.Y. Feb. 7, 2017) (quoting *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000)). If OneWest cannot "provide proof of actual registered or certified and first-class mailing, dismissal of the action would be warranted." *CIT Bank*, 2016 U.S. Dist. LEXIS 102694, at *14.[6] In light of the fact that the Ruiz Defendants need to meet only a low threshold to satisfy the meritorious defense factor, the Court finds that this factor favors the defendants.

Acknowledging the Circuit's preference for resolving cases on the merits, the Court determines that the Ruiz Defendants' default was not willful, that the Ruiz Defendants have presented at least one meritorious defense, and, perhaps most importantly, that setting aside entry of default will not prejudice OneWest. Accordingly, the Court finds that there is good cause to vacate entry of default.

## II. Motion for Default Judgment

OneWest has moved for default judgment against the Ruiz Defendants, as well as PNC Bank, New York City Parking Violations Bureau, New York City Environmental Control Board, New York City Transit Adjudication Bureau, Maria Colon, and Monica Lopez. Only the Ruiz Defendants have moved to set aside entry of default. Nevertheless, the Court cannot grant effective relief as against the other defendants before OneWest's rights under the mortgage have been resolved. *See, e.g., CIT Bank*, 2016 U.S. Dist. LEXIS 102694, at *15. Therefore, OneWest's motion for default judgment is denied.

---

[6] The Ruiz Defendants also allege that CIT Bank does not have standing. The Court need not decide whether this constitutes a meritorious defense.

8

## CONCLUSION

For the reasons stated herein, OneWest's Motion for Default Judgment and Judgment of Foreclosure and Sale (Doc. No. 40) is denied. The Court vacates the entry of default as to Defendants Marco and Mercedes Ruiz, and they are hereby Ordered to Answer or otherwise respond to the complaint within 21 days of the date of this Memorandum and Order. OneWest's request to amend the caption to reflect its current name, "CIT Bank, N.A., *formerly known as* OneWest Bank, N.A." is granted, and the Clerk of Court is respectfully directed to amend the case caption accordingly.

This action is re-committed to the assigned Magistrate Judge for all pre-trial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
      March 13, 2018

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge