UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CIT BANK, N.A., *formerly known as One West Bank, N.A.*,

              Plaintiff,

          -against-

MARCO RUIZ; MERCEDES RUIZ; PNC BANK, NATIONAL ASSOCIATION, *successor by merger to National City Bank*; CITY OF NEW YORK PARKING VIOLATIONS BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; MR. ARTINEZ; MARIA COLON; *and* MONICA LOPEZ,

              Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-3207 (NRM) (RML)

**NINA R. MORRISON**, United States District Judge:

This is a foreclosure action brought pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. Presently before the Court are (1) Plaintiff's unopposed motion for summary judgment against Defendants Mercedes Ruiz and Marco Ruiz (the "Ruiz Defendants"), ECF No. 147; and (2) Plaintiff's motion for default judgment against the other non-appearing Defendants, ECF No. 80. For the reasons outlined below, Plaintiff's motion for summary judgment is GRANTED in part and DENIED in part, and the motion for default judgment is GRANTED in part and DENIED in part.

1

## BACKGROUND

The history of this case is long and complicated.  The parties' familiarity with the factual and procedural background is assumed.

For present purposes, it is sufficient to note that Defendants Marco Ruiz and Mercedes Ruiz (the "Defendants") obtained a $492,000 mortgage loan from IndyMac Bank, F.S.B., on July 23, 2007.  ECF No. 1-9 at 4–9.[1]  This loan was secured by a mortgage on real property located at 134-09 Hawtree Street in Ozone Park, New York.  *Id.*  The mortgage was recorded in the Office of the City Register of the City of New York on August 28, 2007.  *Id.* at 10–11.  Defendants subsequently executed and delivered a loan modification agreement, which modified the promissory note and mortgage, on August 18, 2009.  ECF No. 150-9 at 2, 40–47.

Defendants defaulted on the mortgage loan by failing to make payments owed beginning on December 1, 2010.  *Id.* at 2, 48–149.  Thereafter, on November 12, 2013, Plaintiff mailed Defendants the ninety-day notices that are required under New York law, *id.* at 150–259; *see also* N.Y. Real Prop. Acts. L. § 1304, and filed the required notice with the Superintendent of Financial Services on November 14, 2013, ECF No. 150-9 at 260–62; *see also* N.Y. Real Prop. Acts. L. § 1306(2).  Plaintiff also mailed a contractual pre-acceleration notice of default to Defendants on or about April 27, 2011.  ECF No. 150-9 at 263–99.

Plaintiff commenced this action on May 22, 2014.  ECF No. 1.  At that time, Plaintiff possessed the original promissory note.  ECF No. 150-9 at 2.  First Citizens

---

[1] All page references are to ECF pagination unless otherwise noted.

Bank is the mortgage loan servicer and successor by merger to CIT Bank, N.A., and had possession of the promissory note as of July 23, 2025. *Id.* at 2; ECF No. 150-11. Plaintiff filed an amended complaint on October 3, 2014, ECF No. 20, and the Ruiz Defendants answered the amended complaint on April 3, 2018, ECF No. 50.

The instant motion for default judgment and supporting papers were filed with the Court on January 31, 2022. ECF Nos. 80, 81, and 82. The instant motion for summary judgment against the Ruiz Defendants and supporting papers were served upon Defendants by First Class Mail on August 7, 2025. ECF No. 144. The motion and supporting papers were then filed with the Court on September 15, 2025. ECF Nos. 147, 148, 149, 150 & 151.

Following its receipt of the motion for summary judgment, the Court directed Plaintiff to explain (1) its position as to whether the Court's resolution of the summary judgment motion against the Ruiz Defendants depends upon a determination of the rights of the non-appearing Defendants named in this proceeding; and (2) what steps Plaintiff would take to resolve this proceeding against the non-appearing Defendants, in the event the Court granted the motion for summary judgment. Dkt. Order dated Apr. 15, 2026. On April 17, 2026, Plaintiff filed a letter in response to the Court's Order "request[ing] that the Court decide the pending motion for Summary Judgment [] as it pertains to the Ruiz defendants, as well as the pending motion for default judgment as it pertains to the non-appearing defendants." ECF No. 152 at 1.

## LEGAL STANDARD

### I.     Unopposed motion for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At summary judgment, the Court must "ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014). While Federal Rule of Civil Procedure 56 "requires that a grant or denial of summary judgment is accompanied by an explanation[,] . . . absent some indication of a material issue being overlooked or an incorrect legal standard being applied, [the Second Circuit] do[es] not require district courts to write elaborate essays using talismanic phrases." *Id.* at 196–97.

The Court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Wells Fargo Bank, N.A. v. 840 Westchester Ave. NMA, LLC*, 786 F. Supp. 3d 586, 595 (S.D.N.Y. 2025) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). "In foreclosure actions where a motion for summary judgment is fully unopposed but the non-movant has previously filed an Answer, courts consider whether the affirmative defenses raised

4

genuine disputes of material fact that defeat the prima facie case." *Green Mountain Holdings (Cayman) LTD v. 501 Lafayette Ave LLC*, No. 21-CV-5844 (MKB), 2025 WL 2494292, at *7 (E.D.N.Y. Aug. 28, 2025) (citation omitted).

## II.    Motion for default judgment

Where a movant seeks default judgment on a claim that is not for a sum certain, it must apply for such judgment with a court following the clerk's entry of default.  Fed. R. Civ. P. 55(b)(2).  A defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  However, the court is still "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law."  *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).

## DISCUSSION

### I.    Plaintiff is entitled to summary judgment against the Ruiz Defendants, and the affirmative defenses asserted by the Ruiz Defendants in their answer do not raise genuine disputes of material fact

"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (summary order) (first citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997); and then citing *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991)). "Under New York law, a plaintiff in a foreclosure action establishes prima facie entitlement to summary judgment 'by producing evidence of the mortgage, the unpaid note, and the defendant's default.'" *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 336

(2d Cir. 2021) (summary order) (quoting *Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592 (N.Y. App. Div., 3d Dep't 2016)); *see, e.g., JPMorgan Chase Bank, Nat'l Ass'n v. Weinberger*, 37 N.Y.S.3d 286, 289 (N.Y. App. Div., 2d Dep't 2016). "This creates a 'presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.'" *Freedom Mortg. Corp. v. Heirs*, No. 19-CV-01273 (KMK), 2020 WL 3639989, at *4 (S.D.N.Y. July 6, 2020) (quoting *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-00878 (ADS) (WDW), 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014)).

Here, Plaintiff has established its prima facie entitlement to summary judgment through the affidavit of Default Analyst Samantha Davis and its supporting documentation. ECF No. 150-9. This affidavit documents the note, *id.* at 8–13; the mortgage, *id.* at 15–39; a 2009 loan modification, *id.* at 41–47; and a detailed payment history, *id.* at 49–301, which supports Plaintiff's assertion that the Ruiz Defendants failed to make payments due December 1, 2010 and thereafter, *id.* at ¶ 7. This documentation is sufficient to establish Plaintiff's "presumptive right to foreclose." *840 Westchester Ave. NMA, LLC*, 786 F. Supp. 3d at 596 (2025) (quoting *Heirs*, 2020 WL 3639989, at *4).

"The burden then shifts to [Defendants] to make any affirmative showing of a bona fide defense to the action, such as fraud, duress, oppressive or unconscionable actions, or bad faith." *Id.* at 596–97 (citation modified). The Ruiz Defendants raised four affirmative defenses to this action in their 2018 answer. ECF No. 50 at 1–4 (asserting that (1) this Court is without subject matter jurisdiction, (2) Plaintiff lacks

standing to bring this action, (3) the amended complaint fails to state a claim, and (4) violations of New York Real Property Actions and Proceedings Law §§ 1303, 1304, and 1306). However, these affirmative defenses, which are conclusory and wholly without factual support, do not raise any genuine disputes of material fact that would defeat summary judgment.

First, the record establishes that One West Bank, N.A., the Plaintiff at the time this action was commenced, was a citizen of California, ECF No. 150-2 at 33, and the Second Circuit previously acknowledged that One West Bank was a citizen of California, *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 221 (2d Cir. 2016). The complaint and amended complaint alleged complete diversity between the parties, and Plaintiff has adduced sufficient evidence to establish by a preponderance of evidence that complete diversity existed at the time of this proceeding's commencement.

Second, the record establishes that (1) IndyMac Bank assigned the mortgage to One West Bank in 2012, ECF No. 150-2 at 33–36; and (2) One West Bank was in physical possession of the note prior to the commencement of this proceeding, ECF No. 150-9 ¶ 5. "New York courts have repeatedly held that proof of physical possession [of the note]—such as the affidavits of OneWest's corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note." *Melina*, 827 F.3d at 223.

Finally, the record establishes Plaintiff's compliance with the requirements of New York Real Property Actions and Proceedings Law §§ 1303, 1304, and 1306. ECF

No. 15 (proof of service of Section 1303 notice contemporaneous with service of the complaint and summons); ECF No. 150-10 ¶¶ 8–9 (proof of service of Section 1304 90-day notices); *id.* at 11–119, 121 (same); *id.* ¶ 10 (proof of filing the 90-day notice with the Superintendent of Financial Services pursuant to Section 1306(2)); *id.* at 123–24 (same).

Accordingly, because there is no genuine dispute of material fact as to the Ruiz Defendants' liability, Plaintiff has established its entitlement to summary judgment against the Ruiz Defendants.

## II. Default judgment is appropriate against some, but not all, non-mortgagor Defendants

New York law provides that "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" shall be joined as a necessary party to a foreclosure action. N.Y. Real Prop. Acts. L. § 1311(3). "This rule derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *NDF1, LLC v. Cunningham*, 754 F. Supp. 3d 273, 285 (E.D.N.Y. 2024) (citation modified).

"Entry of default judgment against non-mortgagor defendants is generally appropriate where the complaint alleges 'nominal liability,' meaning that any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien." *Id.* (citation modified). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant

8

property is terminated." *Id.* (citation omitted). "Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including non-owner tenants." *CIT Bank, N.A. v. Mitchell*, No. 17-CV-1969 (ILG) (SMG), 2021 WL 54081, at *4 (E.D.N.Y. Jan. 6, 2021) (citation modified).

For municipal defendants in default, courts apply a heightened pleading standard to determine whether the plaintiff has established nominal liability, requiring the complaint to allege "detailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state or city agency a party-defendant." *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *5 (E.D.N.Y. Mar. 16, 2020) (quoting N.Y. Real Prop. Acts. L. §§ 202(1), 202-a(1)).

Here, Plaintiff has named seven non-mortgagor Defendants, Amended Compl. ¶¶ 5–11, ECF No. 20, all of whom have failed to appear. Plaintiff alleges that "[t]he defendant(s) claim an interest or lien encumbering the property, which is either subordinate to Plaintiff's mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's mortgage." Amended Compl. ¶ 12. The Court considers the appropriateness of default judgment against each of these Defendants below.

### a. Mr. Artinez

Plaintiff alleges that "Mr. Artinez" is a "tenant of the property" — or at least, that he was a tenant of the property at the time the Amended Complaint was filed back in 2014. Amended Compl. ¶ 5. Default judgment is not appropriate against Mr.

9

Artinez because the Clerk denied Plaintiff's request for a certificate of default as to this Defendant upon finding that he was not properly named. Dkt. Entry dated Jan. 22, 2015. A certificate of default is a necessary prerequisite to default judgment. *See Escobar v. Mahopac Food Corp.*, No. 19-CV-00510 (FB) (JRC), 2023 WL 2587680, at *1 (E.D.N.Y. Mar. 21, 2023) ("An entry of default against a defendant is a prerequisite of a default judgment."). Accordingly, the Court denies Plaintiff's motion for default judgment as to Mr. Artinez. This denial is without prejudice to renew in the event Plaintiff (1) obtains a certificate of default against Mr. Artinez or (2) voluntarily dismisses its claims against Mr. Artinez.

### b. Maria Colon and Monica Lopez

Plaintiff alleges that Maria Colon and Monica Lopez are "tenant[s] of the property." Amended Compl. ¶¶ 6–7. Unlike "Mr. Artinez," Plaintiff did obtain certificates of default from the Clerk against Colon and Lopez. Clerk's Entry of Default dated Jan. 22, 2015. Accordingly, Plaintiff's allegations that Colon's and Lopez's interests in the property are subordinate to Plaintiff's mortgage are deemed conceded. *Mitchell*, 2021 WL 54081, at *4. This establishes that Plaintiff is entitled to a default judgment against Colon and Lopez, terminating these tenants' nominal interest in the property.

### c. PNC Bank, National Association

Plaintiff alleges that PNC Bank, National Association ("PNC") is "a corporation or other business entity" and "the holder of a lien encumbering the property, which is subject and subordinate to Plaintiff's mortgage." Amended Compl. ¶ 8. In an

10

attachment to the amended complaint, Plaintiff asserts that PNC is a "[h]older of a mortgage." ECF No. 20 at 8.  Plaintiff obtained a certificate of default from the Clerk against PNC.  Clerk's Entry of Default dated Jan. 22, 2015.  Accordingly, Plaintiff's allegations that PNC's mortgage interest in the property is subordinate to Plaintiff's mortgage is deemed conceded.  *See Wilmington Sav. Fund Soc'y, FSB as Tr. for Carlsbad Funding Mortg. Tr. v. Cirincione*, No. 17-CV-6708 (ENV) (ARL), 2019 WL 5088077, at *6 (E.D.N.Y. Aug. 12, 2019) (granting default judgment against a non-appearing bank defendant in a foreclosure action), *report and recommendation adopted sub nom. Wilmington Sav. Fund Soc'y, FSB v. Cirincione*, 2019 WL 5087160 (Oct. 10, 2019); *ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI) (RER), 2021 WL 8316275, at *4 (E.D.N.Y. Aug. 11, 2021) ("A well-pleaded complaint is sufficient to ascribe liability to non-government defendants even without elaborating on the nature of their interest in the property." (citation omitted)).   Plaintiff's pleading establishes PNC's nominal liability, and the Court therefore grants Plaintiff's motion for default judgment against PNC.

### d. New York City Parking Violations Bureau, New York City Environmental Control Board, and New York City Transit Adjudication Bureau

Plaintiff alleges that the New York City Parking Violations Bureau ("PVB"), the New York City Environmental Control Board ("ECB"), and the New York City Transit Adjudication Bureau ("TAB") are "city agenc[ies] existing under the laws of New York" and "the holder[s] of [] lien[s] encumbering the property, which [are] subject and subordinate to Plaintiff's mortgage."  Amended Compl. ¶¶ 9–11.  In an

11

attachment to the amended complaint, Plaintiff asserts that (1) ECB is a "[h]older of possible judgments against Marco Ruiz and/or Mercedez Ruiz"; and (2) TAB is a "[h]older of possible judgments against Marco Ruiz and/or Mercedez Ruiz," but that these "judgments cannot be certified since dockets books are missing."  ECF No. 20 at 9.  Plaintiff also asserts that (3) PVB is a "[h]older of possible judgments against Marco Ruiz and/or Mercedez Ruiz," *id.*, and attaches documentation of a potential lien against Marco Ruiz that listed the mortgaged premises as the address of record, *id.* at 10–11.

As to ECB and TAB, Plaintiff has not complied with the provisions of New York law setting a higher pleading standard for default judgment against municipal defendants in a foreclosure proceeding.  *See* N.Y. Real Prop. Acts. L. § 202-a.  Plaintiff's conclusory allegations that these agencies hold "possible judgments" against the Ruiz Defendants is insufficient to establish their nominal liability.  *See Cunningham*, 754 F. Supp. 3d at 286 (denying default judgment against a government creditor where the plaintiff did not comply with the pleading requirements of Section 202-a).

However, Plaintiff has sufficiently pled PVB's nominal liability through the documents attached to the amended complaint.  These documents, which indicate that Marco Ruiz is a judgment debtor owing money to PVB because of traffic or parking citations, ECF No. 20 at 10–11, outline the nature of PVB's interest and otherwise comport with the higher pleading standard for government creditors*, see Cunningham*, 754 F. Supp. 3d at 286–87 (holding a plaintiff sufficiently alleged a

government creditor's nominal liability by specifying the nature of the violation liens against a mortgaged property and including records containing "the dates of the violations, the penalty amounts, and their current status").  Thus, between the allegations in the Amended Complaint and its supporting exhibits, Plaintiff has sufficiently established "the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant."  N.Y. Real Prop. Acts. L. § 202-a(1).

Accordingly, the Court grants Plaintiff's motion for default judgment against PVB but denies, without prejudice to renew, Plaintiff's motion for default judgment against ECB and TAB.  Plaintiff must establish its reason for making ECB and TAB Defendants to this action, which it may do by setting forth in greater detail the nature of any judgments actually held by these agencies against the mortgaged property and documenting these allegations by, for example, attaching a title report indicating the interests these agencies have.  *See Cunningham*, 754 F. Supp. 3d at 286 ("[P]laintiff must substantiate their allegations with documentation, such as a title report." (citation omitted)); *Mitchell*, 2021 WL 54081, at *4 (holding "a copy of a title search reflecting any and all judgments that TAB holds against [the mortgagor]" sufficient to establish a city agency's nominal liability).  If a title search reveals that these city agencies do not presently have an interest in the mortgaged property, Plaintiff should voluntarily dismiss them from this proceeding.

13

### III.   Entry of judgment of foreclosure and sale is not yet appropriate

Plaintiff has requested the Court enter a judgment of foreclosure and sale and appoint a referee to effectuate such a sale; Plaintiff has filed a proposed judgment, which names a proposed referee, to the docket.  ECF No. 150-13.  However, because the Court denies Plaintiff's motion for default judgment as to certain non-appearing Defendants — whom Plaintiff alleges have, or may have, interests in the mortgaged premises — entry of judgment of foreclosure and sale is not appropriate at this time. *See Toiny LLC v. Gill*, No. 18-CV-40 (NGG) (VMS), 2022 WL 4118520, at *4 (E.D.N.Y. Sep. 9, 2022) ("[T]he rights, interests and equities of all of the parties claiming an interest in the mortgaged premises should be settled and determined before any judgment of foreclosure and sale is entered." (citation omitted)); *Freedom Mortg. Corp. v. Elmore-Hernandez*, No. 18-CV-1840 (DRH) (SIL), 2019 WL 2779320, at *7 (E.D.N.Y. May 8, 2019) (denying without prejudice a judgment of foreclosure and sale until plaintiff fully demonstrated their rights to foreclosure against all defendants), *report and recommendation adopted*, 2019 WL 2775620 (July 2, 2019).

<u>CONCLUSION</u>

Plaintiff has established the Ruiz Defendants' liability and that it is entitled to summary judgment against them.  However, Plaintiff has not established that it is entitled to a default judgment against all of the presently-named non-mortgagor Defendants.  Accordingly, entry of a judgment of foreclosure and sale is premature at this juncture.

Thus, Plaintiff's motion for summary judgment against the Ruiz Defendants is GRANTED as to liability and DENIED without prejudice as to (1) damages and (2) the request for entry of a judgment of foreclosure and sale.

Plaintiff's motion for default judgment is GRANTED as to Defendants Colon, Lopez, PNC, and PVB and DENIED without prejudice as to Defendants Mr. Artinez, ECB, and TAB. Should Plaintiff subsequently (1) establish that it is entitled to default judgment against Mr. Artinez, ECB, and TAB, or (2) decide to dismiss those defendants from this proceeding, the Court would at that point entertain a renewed motion by Plaintiff to enter a judgment of foreclosure and sale and appoint a referee, to be proposed by Plaintiff, to calculate damages and conduct a sale of the mortgaged property.

Plaintiff is respectfully directed to file a letter to the docket, within fourteen days of this Memorandum & Order, informing the Court of how it intends to proceed with the unresolved issues outlined above.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: July 21, 2026
Brooklyn, New York

15